APARTMENT HOUSE COUNCIL OF NEW JERSEY, AN AFFILIATE OF NEW JERSEY BUILDERS ASSOCIATION, A NONPROFIT CORPORATION, PLAINTIFF-APPELLANT, v. JOHN F. LAEZZA, DIRECTOR, DIVISION OF LOCAL GOVERNMENT SERVICES, DEPARTMENT OF COMMUNITY AFFAIRS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 21, 1978—Decided April 12, 1978.

Before Judges LYNCH, KOLE and PETRELLA.

*Mr. Jay M. Hollander* argued the cause for appellant (*Messrs. Hutt, Berkow & Hollander,* attorneys).

*Mr. Daniel Reynolds,* Deputy Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General; *Mr. William F. Hyland,* former Attorney General; *Ms. Erminie L. Conley,* Deputy Attorney General, of counsel and *Ms. Andrea Kahn,* Deputy Attorney General, on the brief).

PER CURIAM. The Tenants' Property Tax Rebate Act, *L.* 1976, *c.* 63 (hereafter, the 1976 statute), as amended by *L.* 1977, *c.* 81 (hereafter, the 1977 statute), provides basically for the passing of real property tax rebates from an owner of qualified rental property to his tenants for each year in which he receives a property tax reduction. As used herein the term "the act" will refer to the existing act, as amended in 1977. *N. J. S. A.* 54:4–6.2 *et seq.*

The act provides that the Director of the Division of Local Government Services (Director) shall by regulation prescribe the procedures for computing property tax reductions and rebates and "the necessary forms to be used for the notices required by this act and any additional information he deems

advisable to be provided in such notices, and such other rules or regulations as he deems necessary or advisable for the efficient administration and implementation of the purposes and provisions of this act." *N. J. S. A.* 54:4–6.10.

The act further provides that an owner must state on a form "required to be filed" with the rent leveling board or similar agency, or if no such agency exists, the municipal tax collector, the total property tax rebate and must certify that he has complied with the provisions of the act. Such form is required to be filed within 30 days after notification by the tax collector of the amount of property tax reduction. The act continues: "Also at such time he shall post and maintain in a prominent place within such property [the qualified real rental property involved] a notice containing a listing of the specific rent rebate per year and per month for each different rent category payable." *N. J. S. A.* 54:4–6.8.

Pursuant to the act, the Director adopted regulations which are set forth in *N. J. A. C.* 5:30–16.1 to 5:30–16.11, inclusive.

Among these regulations is *N. J. A. C.* 5:30–16.6(a) (3), which requires owners when "advertising for rental units [to] indicate that the rent(s) will be subject to any applicable rebate or credit." On this appeal plaintiff challenges the authority of the Director under the act to require this information in advertisements in view of the fact that the act provides merely for posting of a notice as to such rebates in a prominent place on the property involved. If that attack is correct, then it is claimed that *N. J. A. C.* 5:30–16.8(b) is also invalid to the extent that it would subject an owner who failed to comply with *N. J. A. C.* 5:30–16.6(a)(3) to a penalty of $100 for knowingly and willfully "failing to comply with any provisions of this act." However, if the advertising regulation is valid, then plaintiff has no cause for complaint, since the penalty provision in the regulation merely tracks the act. *N. J. S. A.* 54:4–6.12. That section of the act provides that any "landlord * * * who

knowingly and willfully fails to provide or post any notice, * * * information or statement required by this act shall be liable for a penalty of not more than $100 for each offense."

We are satisfied that the challenged provision of *N. J. A. C.* 5:30–16.6(a)(3) is within the ambit of the authority conferred on the Director, in view of the purpose and provisions of the act, as well as its legislative history. It is reasonably designed to facilitate the administration of the act and to encourage its enforcement by tenants by providing another means of notifying them of the right to a rebate. It constitutes a relatively innocuous but effective method of alerting a tenant to check as to whether his landlord has received a property tax rebate in order to discover whether he is entitled to a share thereof. Thus, the challenged regulation is within the fair contemplation of the act and represents an incidental power afforded the Director necessary to effectuate fully the legislative intent. See *New Jersey Guild of Hearing Aid Dispensers v. Long,* 75 *N. J.* 544 (1978).

We note that although the 1976 statute failed to provide for any notice from the owner to the tenant of the right to a tax rebate, the Statement annexed to S 1546, which became the 1976 statute, states that "[n]otice of the tax rebate would have to be given to each tenant and a local enforcement agency, and be posted on the rental premises." The failure to include any such provision in the 1976 statute was an obvious inadvertent error. The omission was corrected in the 1977 statute, which provides for the posting of such a notice. As we have indicated, the regulation's additional requirement of notice of the availability of the rebate in any advertisement for rental units is a reasonable exercise of the Director's authority under the act.

However, we go no further than to hold that the present regulation relating to advertising is valid. Since that regulation is proper, a knowing and willful violation thereof would result in the penalty provided by *N. J. S. A.* 54:4–6.12 and *N. J. A. C.* 5:30–16.8(b).

██ Plaintiff also contends that the regulation relating to advertising is an illegal limitation of commercial speech under the First Amendment, relying on *Virginia Pharmacy Bd. v. Virginia Consumer Council,* 425 *U. S.* 748, 96 *S. Ct.* 1817, 48 *L. Ed.* 2d 346 (1976), and *Bates v. State Bar of Arizona,* 433 *U. S.* 350, 97 *S. Ct.* 2691, 53 *L. Ed.* 2d 810 (1977). This contention is without merit. The regulation challenged here is designed to disseminate information, not to suppress it. Moreover, such dissemination is in furtherance of the purpose of a reasonable state interest and goal. See *Pittsburgh Dress Co. v. Human Relations Comm'r,* 413 *U. S.* 376, 93 *S. Ct.* 2553, 37 *L. Ed.* 2d 669 (1973), reh. den. 414 *U. S.* 881, 94 *S. Ct.* 30, 38 *L. Ed.* 2d 128 (1973). See also, *New Jersey Guild of Hearing Aid Dispensers v. Long, supra* 75 *N. J.* at 554.

The challenged regulations are valid.